## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ELBERT HICKS,
      Appellant,

    v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
PH-3443-13-0185-I-2

DATE: September 30, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Elbert Hicks</u>, Chesapeake, Virginia, pro se.

<u>Jasmin A. Dabney</u>, Landover, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal on the basis of res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In a February 4, 2014 decision, the Board forwarded this appeal for docketing and adjudication as a refiled appeal, finding that the administrative judge had properly dismissed the appeal without prejudice in the interest of administrative efficiency. *Hicks v. U.S. Postal Service*, MSPB Docket No. PH-3443-13-0185-I-1, Final Order (Feb. 4, 2014). Following docketing as a refiled appeal and without holding a hearing, the administrative judge dismissed the appeal. *Hicks v. U.S. Postal Service*, MSPB Docket No. PH-3443-13-0185-I-2, Refiled Appeal File, Tab 7, Initial Decision (ID). In his timely petition for review, the appellant argues that his resignation in 1984 was involuntary and he contends that the administrative judge is biased against him. MSPB Docket No. PH-3443-13-0185-I-2, Petition for Review (PFR) File, Tab 1. The agency did not respond.

The appellant's restoration claim is barred by res judicata.

¶3 Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was

a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Id.*

¶4 To the extent that the appellant is trying to challenge the agency's failure to restore him, the administrative judge correctly found that the Board has previously adjudicated and decided the appellant's restoration claim. ID at 4-5; *see Hicks v. U.S. Postal Service*, 251 F.3d 169 (Fed. Cir. 2000) (Table); *see also Hicks v. U.S. Postal Service*, MSPB Docket No. PH-3443-12-0485-I-1, Final Order (Aug. 21, 2013); *Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232 (2010); *Hicks v. U.S. Postal Service*, 83 M.S.P.R. 599, ¶¶ 10-11 (1999); *Hicks v. U.S. Postal Service*, 35 M.S.P.R. 27 (1987). Under the doctrine of res judicata, the appellant may not relitigate the merits of his restoration appeal.

¶5 The appellant also argues that the administrative judge was biased against him. PFR File, Tab 1 at 1. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant's unsupported accusation, which concerns whether the administrative judge considered a particular piece of evidence, PFR File, Tab 1 at 1, is insufficient to overcome the presumption or honesty and integrity, especially in light of the fact that she correctly found the appeal barred by the doctrine of res judicata, ID at 4-5.

¶6 The administrative judge also correctly found that the appellant failed to provide the requisite nonfrivolous allegation that his resignation was involuntary. ID at 5-6. An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an allegedly involuntary resignation or retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643

(Fed. Cir. 1985). The appellant's conclusory, unsupported allegations do not constitute nonfrivolous allegations of jurisdiction under applicable Board precedent. *See* Initial Appeal File, Tab 7. Therefore, we discern no reason to disturb the administrative judge's explained findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Accordingly, the appellant has provided no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.